UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH E. M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:24-CV-1901-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate disability determination may have changed. The ALJ's error is, therefore, not harmless, and this matter is

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

### I. Factual and Procedural History

Plaintiff filed a claim for DIB with a protective filing date of December 1, 2021, alleging disability beginning on March 1, 2019. Dkt. 7, Administrative Record ("AR") 201–02. His application was denied at the initial level and on reconsideration. AR 75–86. He requested a hearing before an ALJ, which took place on October 19, 2023. AR 35–60, 101, 186–87. Plaintiff was represented by counsel at the hearing. *See* AR 35. On November 20, 2023, the ALJ issued an unfavorable decision denying benefits. AR 14–34. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 197. Plaintiff appealed to this Court. *See* Dkts. 1, 4.

In the final decision, the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease and stenosis, obesity, and degenerative joint disease of the knees. AR 19. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), "except with no climbing ladders, ropes, or scaffolds; occasional crawling, crouching, kneeling, and stooping; frequent climbing ramps or stairs; and no concentrated exposure to extreme cold, vibration or hazards (defined as work at heights)." AR 24.

### II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff contends the ALJ erred in evaluating certain medical opinion evidence and Plaintiff's testimony about the severity of his symptoms. Dkt. 9 at 1. He states the proper remedy for these errors is remand for an award of benefits or for further proceedings. *Id.* at 11.

#### A. *Medical Opinion Evidence*

Plaintiff argues the ALJ erred in rejecting medical opinion evidence from consultative examiner Avery Sills, PA-C, and Plaintiff's primary care physician, Luis Garduno, M.D. Dkt. 9 at 8–10. When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

- 3

evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Avery Sills, PA-C, evaluated Plaintiff on February 14, 2023. AR 990. Her notes indicate she reviewed "specialty clinic notes" in Plaintiff's record. *Id.* She noted Plaintiff's report of constant low back pain rating seven out of ten at rest and nine to ten out of ten with walking or standing. AR 991. Plaintiff also reported left side radiation down the lateral leg to the foot associated with numbness, tingling, and burning, as well as emerging intermittent numbness and

burning on the right side. *Id.* He complained of weakness with walking and sometimes stumbled on his feet. *Id.*

On physical examination, PA-C Sills found Plaintiff had a steady gait, was able to rise from his chair and walk to the exam table without assistance, and was able to heel-toe walk without assistance for a brief distance, but she noted he appeared to be in mild pain during the exercise. AR 992. She found no gross deformities and normal muscle bulk in his upper and lower extremities during motor exam but noted mild discomfort with hip flexion. AR 993. She also noted pain on palpation of Plaintiff's lumbar spine. *Id.* Plaintiff's supine straight leg raise was normal on the right side but abnormal on the left at 30 to 50 degrees. *Id.* On examination, PA-C Sills found reduced range of motion in bilateral shoulder external rotation, and in lumbar spine flexion, extension, lateral flexion, and rotation. AR 995.

She listed among Plaintiff's diagnoses: "Low back pain [with] reduced [range of motion] and paresthesia secondary to lumbar stenosis with neurogenic claudication, left sided lumbar radiculopathy, lumbar facet arthropathy and pars defect." AR 997. She found Plaintiff's overall prognosis to be "[f]air, expect some (~50%) improvement in the next 12 months assuming optimal treatment," but she noted anticipated barriers or limitations to treatment of financial stressors and poor coping skills. *Id.*

PA-C Sills completed a medical source statement regarding Plaintiff's functional capabilities "based on the claimant's <u>physical condition only</u> as assessed <u>by the information available today</u>, including objective findings on the claimant's exam as well as assessment of the natural history of the claimant's medical/physical conditions." AR 998 (emphasis in original). Among other opined limitations, PA-C Sills found Plaintiff could stand/walk for 30 minutes to two hours per day and 15 to 45 minutes at a time. *Id.* She also opined Plaintiff could sit for 30

minutes to two hours per day and 30 to 60 minutes at a time. *Id.* She found Plaintiff's overall function in these areas was poor. *Id.* PA-C Sills listed her physical examination of Plaintiff and his diagnoses as the bases for these opinions. *Id.*

The ALJ found PA-C Sills' opinion unpersuasive "because it is based too much on the one-time exam and the claimant's subjective complaints, rather the rest of the record, which shows stable back deficits on imaging along with conservative treatment, and mild knee deficits on imaging along with limited treatment." AR 28.

Regarding the supportability of PA-C Sills' opinion, the ALJ first found it was "based too much on the one-time exam[.]" *Id.* An ALJ may consider the length, purpose, and extent of the treating relationship in considering the persuasiveness of a medical opinion. *See* 20 C.F.R. § 404.1520c(c)(3). However, the fact a provider examined a claimant only once, standing alone, is not a legally sufficient basis for rejecting the provider's opinion. *See Yeakey v. Colvin*, No. CV13–05598, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014) ("Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions."); *Keri J. v. Comm'r of Soc. Sec.*, No. 3:20-CV-5779, 2021 WL 4026320, at *2 (W.D. Wash. Sept. 3, 2021) ("[T]he fact that [the provider] only examined Plaintiff twice is not, in and of itself, a valid reason for discounting her opinion, especially in light of the revised regulations, which eliminate the regulatory distinction between 'treating' and 'examining' opinions, and provide that an examining source 'may have a better understanding' of an individual's limitations."). The ALJ erred in discounting PA-C Sills' opinion on this basis.

The ALJ next found PA-C Sills' opinion was unpersuasive because it was based on Plaintiff's subjective complaints. AR 28. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."

*Tommasetti v, Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). Although PA-C Sills noted she considered Plaintiff's subjective reports of pain, she also reviewed some of Plaintiff's prior medical records and specifically indicated her opinions regarding Plaintiff's standing, walking, and sitting limitations were based on Plaintiff's diagnoses and her physical examination, as well as the clinical interview. *See* AR 998–99. Accordingly, substantial evidence does not support the ALJ's conclusion that PA-C Sills' opinion was based to a large extent on Plaintiff's subjective complaints, and the ALJ erred in finding the opinion unpersuasive on this basis.

The ALJ did not make any specific findings regarding consistency but noted "the rest of the record . . . shows stable back deficits on imaging along with conservative treatment, and mild knee deficits on imaging along with limited treatment." AR 28. The ALJ provided no citations to the record or any additional explanation in support of this statement. Although the ALJ is responsible for resolving conflicts in the evidence, she must explain her reasoning to allow for this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Because of the lack of explanation and specific reference to the record, the Court cannot determine whether this finding is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the above reasons, the Court concludes the ALJ failed to properly evaluate PA-C Sills' medical opinion. Accordingly, the ALJ erred. Had the ALJ properly evaluated this evidence, the ultimate disability determination may have changed, or the RFC may have included additional limitations. For example, PA-C Sills opined Plaintiff could sit for only 30

minutes to 2 hours per day and only 30 to 60 minutes at a time. AR 998. The ALJ did not account for any need to change positions in the RFC.[3] *See* AR 24. Accordingly, the error is not harmless and require reversal.

      B.  *Remedy*

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Plaintiff requests the Court reverse and remand the ALJ's decision either for immediate calculation and payment of benefits or for further proceedings. Dkt. 9 at 11. Plaintiff does not explain why he is entitled to the extraordinary remedy of an immediate award of benefits, nor has he shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved concerning Plaintiff's functional capabilities. Therefore, remand for further administrative proceedings is appropriate.

      C.  *Remaining Issues*

Plaintiff further contends the ALJ failed to properly evaluate medical opinion evidence from Dr. Luis Garduno, as well as Plaintiff's testimony about the severity of his symptoms. Dkt. 9 at 1. As noted above, the Court concludes the ALJ committed harmful error in assessing the medical opinion evidence of PA-C Sills and remand for further proceedings is appropriate. Due to this error, the ALJ must re-evaluate all the medical evidence on remand. Because Plaintiff

---

[3] "[A]n individual [who must alternate periods of sitting and standing] is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work." Social Security Ruling 83-10, 1983 WL 31253, at *4 (Jan. 1, 1983).

may be able to present new evidence and new testimony on remand and the ALJ's reconsideration of the medical evidence may impact the assessment of Dr. Garduno's opinion and Plaintiff's testimony, the ALJ must also reconsider this evidence on remand.

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning March 1, 2019. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of May, 2025.

_____
David W. Christel
United States Magistrate Judge